## CARL JAHNS *v.* HENRY W. NOLTING.

RIGHT TO POSSESSION OF PERSONAL ESTATE OF DECEASED.—Under the Statute of Descents and Distributions in this State, the title to the personal estate of the deceased vests in the heir, but the administrator is entitled to the possession of the same, and this right of possession extends by relation back to the time of the death of the deceased.

ACTION FOR WRONGFUL TAKING OF PERSONAL ESTATE OF DECEASED.—The administrator may maintain an action for the wrongful conversion of the personal estate of the deceased, intermediate the death and issuance of letters.

SAME.—Such action may be maintained against one who has embezzled or alienated the personal estate of the deceased, without the aid of section one hundred and sixteen of the Probate Act; and said section does not give a new right of action, but merely increases the damages.

SAME, WHERE COMPLAINT ALLEGES EMBEZZLEMENT.—If the complaint in such action alleges that the defendant embezzled, alienated, and converted to his own use the personal estate of the deceased, and prays for double damages, the plaintiff is entitled to recover double damages, if the proofs sustain the allegation; but if the proofs of such conversion fail to show that it took place intermediate the death and the grant of letters, the plaintiff's recovery should be as in an ordinary action of trover.

SECTION ONE HUNDRED AND SIXTEEN OF PROBATE ACT.—Section one hundred
    and sixteen of the Probate Act does not afford the exclusive remedy for embez-
    zling and alienating the personal estate of the deceased, intermediate the death
    and grant of letters.

SAME.—Section one hundred and sixteen of the Probate Act is not a penal, but a
    remedial statute.

RIGHT OF WIDOW TO GIVE AWAY PERSONAL PROPERTY OF DECEASED.—A gift by
    the widow of the deceased of personal property of deceased, intermediate the death
    and issuance of letters of administration, does not confer upon the donee either
    title to or right to the possession of such property as against the administrator.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*James B. Townsend,* for Appellant.

It was the rule, under the old system of pleading, and is, with still greater reason, the rule under the system introduced by the modern Practice Acts, that, in actions founded on tort, the averments are divisible, and that, in order to recover, it is not necessary to prove the whole of such averments, but only so much or so many of them as will establish the plaintiff's right therein to some relief. (1 Chit. Pl. 386, 387, 392, 393; 1 Phil. Ev. 836, 837; 1 Stark. Ev. 432, 433, 442; 442; *Jones* v. *Givin,* Gilb. Cas. 229; *Weed* v. *S. S. Railroad Co.* 19 Wend, 540.)

In such cases, although the complaint or indictment might allege such facts, yet, if the proof failed to establish them on the trial, judgment would, nevertheless, be given for the common law measure of relief, or of punishment. (1 Comyn's Dig., *Action upon Statute,* (C); *Pallant* v. *Roll,* W. Black. 900; *Farmers' Turnpike* v. *Coventry,* 10 Johns. 389–393; *Scidmore* v. *Smith,* 13 Johns. 322; 1 Chit. Crim. Law, 637–638; 2 Hale's Pls. Cr. 302; Hawk. Pls. Cr. Bk. 2 Ch. 25, Sec. 115; *Harwood's Case,* Style's Rep. 86.)

The gift of the property by the widow constituted no defense. (*Piercy* v. *Sabin,* 10 Cal. 27; *Green* v. *Palmer,* 15 Cal. 415; Act to regulate the settlement of the estates of deceased persons, Secs. 114, 115, 194, 195.)

*P. G. Buchan*, for Respondent.

The action is a penal action, brought under section one hundred and sixteen of the Probate Act. It contains two counts: one for embezzling certain articles of personal property, and the other for collecting and embezzling certain rents, and demands judgment for double the value of the property and money, " according to the statute in such case made and provided."

Like all penal statutes, it must be strictly construed, and the case must be clearly made out. (*Beckman* v. *McKay*, 14 Cal. 152.)

If plaintiff failed to make out his penal action, he cannot change the two counts into trover and assumpsit, and ask to recover in such forms of action.

There might be an illegal taking or conversion, for which an ordinary action might be sustained, but not a penal action for embezzlement.

By the Court, RHODES, J.

The plaintiff, the administrator with the will annexed of Herman Schroeder, deceased, alleges in the complaint that after the death of Schroeder, and prior to the granting of the letters of administration, the defendant " took, carried away, embezzled, alienated and has converted to his own use certain goods, chattels and effects which were of the estate of the deceased; also, that the defendant during said time collected and embezzled certain moneys and rents belonging to said estate, and wrongfully and unlawfully intermeddled with said estate and ordered the tenants to pay the rents to no one but himself, and thereby caused a certain sum to be lost to said estate," and he prays for judgment for double the value of the property embezzled, and the money caused to be lost.

The Court found as facts: " That the defendant did not embezzle or alienate and convert to his own use, *contrary to the statute in such case made and provided*, all or any of the

goods, chattels, effects, moneys, rents, or other property which were of the said Herman Schroeder, deceased, in his lifetime, as in the complaint of the plaintiff set forth, nor did he unlawfully interfere and intermeddle with said estate, and order the tenants of the real estate to pay the rents thereof accrued, and which should afterwards accrue, to none but himself, and did not thereby cause to be lost to said estate one hundred and forty-four dollars, or any other sum, as in said complaint alleged."

The plaintiff filed his exceptions to the finding, on the ground, among others, that the Court did not find whether, during the period mentioned and prior to the bringing of the action, the defendant took, carried away and converted to his own use, the goods and chattels mentioned, but the Court failed to remedy the alleged defect.

In denying the plaintiff's motion for a new trial, the Court was of the opinion that the action was for embezzlement, and was brought under section one hundred and sixteen of the Probate Act, which alone gave the plaintiff a remedy for the alleged wrong, and that under the allegations of the complaint, the plaintiff was not entitled to recover for the wrongful conversion, as in the action of trover at common law—that he must prove the embezzlement or fail in the action. The counsel for the defendant holds to the same views, and offers as a further reason why the plaintiff could not recover, as in trover, upon the complaint in the cause, that the action given by section one hundred and sixteen is a penal action.

*Right of administrator to personal property of estate.*

It is well settled that under our probate system, the administrator is entitled to the possession of the personal estate of the deceased until disposed of in the course of administration. (*Beckett* v. *Selover*, 7 Cal. 238 ; *Meeks* v. *Hahn*, 20 Cal. 627.) At common law the title vested in him, but under the Statute of Descents and Distributions of this State, the title vests in the heir. At common law the title vested in the administrator, by relation, at the time of the death of the deceased ; and,

under the system in force here, the administrator's control of the property, by relation, extends back to the same point of time, and he is deemed in law from that time to have the possession, or to be entitled to the possession of the personal property, as the case may require. The administrator, may, therefore, institute an action in the nature of the action of trover, in his own name—his special property being sufficient for that purpose—against a person who, after the death of the deceased, and before the issuing of the letters of administration, converts to his own use the personal property of the estate of the deceased. His right of action in such case is the same as in case of a conversion after his appointment as administrator.

*Embezzlement of property of estate.*

To embezzle, as the term is employed in section one hundred and sixteen, is to fraudulently appropriate to one's own use, or conceal the effects of the estate which such person has in his possession; and to alienate, signifies to wrongfully transfer such property to another. Such embezzlement or alienation is a wrongful conversion of the property, for which an action of trover was maintainable at common law. An action of the nature of an action of trover may be brought by the administrator, without the aid of section one hundred and sixteen, against any person who has embezzled or alienated the personal property of the estate, prior to the grant of administration; and that section does not give a new right of action, nor create a remedy where one did not previously exist, but it merely increases the measure of damages, in case the tortious conversion has been committed at a particular time when the property is peculiarly exposed to loss—that is, the time intermediate the death of the deceased and the issuing of the letters of administration.

*Action by administrator for embezzlement of personal property of estate.*

The position that section one hundred and sixteen affords the exclusive remedy for embezzling and alienating the effects

of the deceased, intermediate the death of the deceased
and the grant of administration, cannot be maintained, unless
that section can be held to be a penal statute ; and it
is not improper to add that, if it should so be held, it
would not necessarily follow that the remedy was exclu-
sive ; for the right of action existing for the conversion,
independently of that section, it might well be, that the
remedy was cumulative. The distinctions between penal
and remedial statutes, are not always clearly marked, nor
are the authorities quite harmonious, where statutes very
similar in their purpose and general terms have been under
review. A penal statute is one that imposes a penalty, or
creates a forfeiture as the punishment for the neglect of some
duty, or the commission of some wrong, that concerns the
good of the public, and is commanded or prohibited by law.
The law, generally, first prescribes what shall or shall not be
done, and then declares the penalty. Its primary object is
punishment, and to deter others from offending in like manner,
though it may give the penalty, or some portion of it, to the
person who may prosecute the action. (*Reed* v. *Northfield,* 13
Pick. 94; *the Suffolk Bank* v. *the Worcester Bank,* 5 Pick.
106 ; *Frohock* v. *Pattee,* 38 Maine, 103 ; *Bayard* v. *Smith,* 17
Wend. 88 ; Sedg. Stat. and Const. Law, 390.)

In this case, the public are not more interested than they
are in every action for a tort prosecuted for the benefit of a
private party, nor do the damages authorized by the statute
partake of the nature of the punishment for an offense, in a
greater degree than in every case where by the common law
or the statute a recovery beyond the actual injury sustained
is permitted. In *Reed* v. *Northfield, supra,* which was brought
for an injury caused by a defect in the highway—the statute
giving double damages—Mr. Chief Justice Shaw said that all
damages for neglect or breach of duty operated to a certain
extent as punishment, and that though the law gave the per-
son injured enhanced damages, they were recoverable to his
own use and as indemnity for the injury sustained. In *Beck-
man* v. *McKay,* 14 Cal. 250, the Court considered the action,

which was brought under section one hundred and sixteen of the Probate Act, as in the nature of an action of trover and conversion.

The statutes of this, as well as those of other States, present many instances, in which no new rights of action or remedies for private injuries are created, but the damages authorized to be recovered are, by those statutes enhanced. Such is the case in respect to sections two hundred and fifty and two hundred and fifty-one of the Practice Act, which provide respectively, that in certain actions for waste, and actions for cutting down and injuring timber, etc., the plaintiffs shall be entitled to treble damages; but those statutes, like the one under consideration, are not penal, but are remedial.

The action being substantially the action of trover, where the plaintiff has averred the facts entitling him to recover damages according to the measure as enhanced by the statute and has claimed the same in his prayer for relief, they should be awarded to him accordingly, if the evidence sustains the allegations of the complaint; and if he fails to prove the allegations which bring the case within the statutory rule of damages, but sustains the issues upon the remaining allegations, the recovery should be as in ordinary actions for trover and conversion. The Court below should therefore find upon the other issues in the case, although the finding may have been against the plaintiff, as to the alleged time of the conversion of the property—the time between the death of the deceased and the grant of letters of administration.

The defendant introduced evidence showing a gift of portions of the property in controversy, by the widow of the deceased to the defendant and the brothers of the deceased. The widow is authorized by section one hundred and twenty of the Probate Act "to remain in possession of the homestead and of all the wearing apparel of the family, and of all the household furniture of the deceased," until letters have been granted and the inventory returned; and the statute confers upon her no other or further right in or control over

65

the personal estate, until it is set over to her by the executor or administrator, by order of the Probate Court or according to the provisions of the will. The alleged gift was made before the grant of the letters of administration, and of course the property could not at that time have been delivered to her by the administrator, and it is impossible to see how a gift of the property by her, at that time, could confer upon the defendant either title or right to the possession of the property, as against the administrator. Sections one hundred and fourteen and one hundred and ninety-four of the Probate Act authorize and require the executor or administrator to take into his possession all the estate of the deceased, and his right in this respect cannot be defeated by any attempted transfer by the heir or the legatee.

Judgment reversed, and the cause remanded for a new trial.