[Civ. No. 7896. Second Appellate District, Division Two.—September 8, 1933.]

NICHOLS' GRAIN & MILLING COMPANY (a Corporation), Respondent, v. JERSEY FARM DAIRY COMPANY (a Corporation) et al., Defendants; GEORGE MASTERS, Appellant.

Freston & Files and James A. McLaughlin for Appellant.

Louis M. Lissner and Isadore H. Prinzmetal for Respondent.

ARCHBALD, J., *pro tem.*—From a judgment rendered against him as principal upon a writing signed by him as agent for one Robert Gardiner, president of defendant Jersey Farm Dairy Company, a corporation, defendant Masters has appealed.

The writing upon which the action is based is in the form of a letter on the stationery of Jersey Farm Dairy Company, addressed to plaintiff, which in effect guarantees "future purchases of Mr. Pete Deghi" from plaintiff for feeding his cows. The letter was signed, "Robert Gardiner, By Geo. Masters". The original complaint was filed April 29, 1929, against defendant Jersey Farm Dairy Company, Golden State Milk Products Company, Robert Gardiner, George Masters and Pete Ciabarri, and sets forth eight deliveries of hay to Deghi, sold solely by reason of said guarantee. The case was tried before the Honorable Raglan Tuttle, who filed an opinion in writing in which he found that the written guarantee had been executed by defendant Masters without any authorization from the other defendants and without belief on his part that he had authority to so act. The court ordered briefs to be filed on the question of amendment of the complaint. After considering the briefs submitted it then made an order granting leave to plaintiff to file its proposed amended complaint, which in effect alleged, in addition to the allegations of the original complaint, excluding allegations referring to the other defendants, that Masters executed said writing without believing in good faith that he had authority so to do. The court also ordered that all defendants except Masters have judgment against plaintiff. The amended complaint was filed June 10, 1930. The eight alleged sales and deliveries of hay to Deghi occurred on different dates from December 19, 1927, to February 14, 1928. An answer to the amended complaint was filed by defendant Masters on June 20, 1930, which among other defenses pleaded the statute of limitations, and the cause came on for trial on the issues raised by the amended complaint and answer before the Honorable Thomas C. Gould, on September 26, 1930, who found in substance that the writing was executed and delivered by Masters without any belief in good faith or at all that he had authority to sign the same; that he did not have authority so to do; that plaintiff sold and delivered said hay relying upon said guarantee, and that Masters had notice of such deliveries and of the amount thereof. Judgment was entered on such findings for $2,658.35 against Masters.

Appellant contends (1) that he was deprived of a fair trial in that neither judge heard and weighed the entire

testimony taken; (2) that the trial court erred in permitting the amendment of the complaint as it did and changing the complaint from an *ex contractu* liability to one *ex delicto;* (3) that no bad faith is shown by the evidence on Masters' part, and (4) that the action is barred by the statute.

■ (1) The record shows that at the trial before Judge Gould both sides stipulated that the hay was sold and delivered to Deghi as alleged in the amended complaint, that it had not been paid for and that Deghi was at all times a shipper of the Jersey Farm Dairy Company, which was a condition of the continuing guarantee. Evidence was then introduced by plaintiff proving the execution of the writing by Masters and that Deghi's financial condition was such that plaintiff would not sell him without a guarantee of his account and would not have delivered him any hay except for such guarantee. Defendant Masters, who was the auditor of Jersey Farm Dairy Company and who also kept Deghi's books, testified that he had no authority from anyone to execute the writing and that he knew Gardiner, defendant company's president, would not sign any such letter because he had frequently so told him.

So far as the record shows no objection was made to the trial before the second judge, but it apparently shows a perfect willingness to so proceed on the part of both parties. So far as the record shows there was no necessity to resort to any of the evidence produced at the first trial, and that produced before Judge Gould amply supports the judgment. As far as the evidence is concerned, the second trial had no relation to the first, and appellant had the benefit of a trial before a judge who had not already found against him on the material point involved. We fail to see where he was prejudiced in any way.

■ (2) There has been some confusion in the past as to the nature of the liability upon which this action is based. Some of the decisions hold that to treat it as a liability on the contract, which did not have apt language to charge the agent personally, would result in making a new contract for the parties (*Hall* v. *Crandall,* 29 Cal. 567 [89 Am. Dec. 64]), and that the only remedy against an agent so acting is either for damages for breach of his warranty of authority to execute the contract or for deceit. Section 2343

of the Civil Code makes one who assumes to act as agent "responsible to third persons as a principal for his acts" when he enters into a written contract in the name of his principal without believing, in good faith, that he has authority so to do. Whatever the doubt may have been in the past as to such liability, in our opinion it is now set at rest by the well-reasoned case of *Borton* v. *Barnes,* 48 Cal. App. 589 [192 Pac. 307, 309], in which the Supreme Court refused to grant a hearing. In that case the defendant, an officer of a corporation, without authority so to do, entered into a written contract in the name of the company employing a broker to sell certain real estate belonging to the corporation. The first count of the complaint, as in the complaint here, charged that defendant entered into the contract without believing in good faith that he had the authority to do so, and the court so found. It was contended on appeal that plaintiff's only right of action was under the second and third counts, which had been dismissed, and some of the same cases are cited as are cited by appellant here on his contention that the action is one *ex delicto* and not on the contract. The court, after discussing the cases holding otherwise and also section 2343 of the Civil Code, held that the plaintiff was entitled to recover "in the same manner as he could have done had the defendant been the real principal in the transaction". The court quotes with approval from the case of *Kennedy* v. *Stonehouse,* 13 N. D. 232, 241 [100 N. W. 258, 260, 3 Ann. Cas. 217, 219]. In the latter case the court decided that whatever the modern rule might be, the legislature, in taking from the proposed Field Code the provisions from which our own sections 2342 and 2343 of the Civil Code are copied *in toto,* which codified the law of New York as announced in the earlier decisions in that state, adopted the rule of liability announced in such cases, saying: "It does not admit of doubt that plaintiff has a right of action *upon the contract* against defendant as principal therein, for the statute just quoted declares in express language that 'one who enters into a written contract in the name of his principal without believing in good faith that he has authority to do so'—and that is this case—'is responsible to third persons as a principal'." (Italics ours.) We are of the opinion that there was no change in the nature of

the action by the amendment, and that it was properly made.

■ (3) Appellant's own testimony amply supports the finding that he entered into the contract in the name of the principal without believing in good faith that he had authority so to do, and that is all the statute requires.

■ (4) It is urged that the cause of action is barred by subsections 1 or 4 of section 338 of the Code of Civil Procedure. The liability under the guarantee did not accrue until the sales were made and Deghi had failed to pay. Assuming that the price was to be paid in cash on delivery, no liability could accrue until the date of delivery at the earliest. All of the deliveries appear to be within three years from the date the amended complaint was filed, so there seems to be no merit in appellant's contention, even assuming that it is a liability created by statute. ■ Under the cases cited, however, the liability being that of the principal, who is not bound by the unauthorized contract, would, as we have said, seem to be one founded upon an instrument in writing, action on which is barred if not brought within four years from its accrual. (Sec. 337 (1), Code Civ. Proc.)

■ Appellant also urges that section 2343 of the Civil Code should be literally construed if in derogation of the common law. The section does not seem to need any construction, as its language is clear and definite.

Judgment affirmed.

Works, P. J., and Stephens, J., concurred.