Filed 2/25/16  (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DEIRDRE HILL et al., | |
|     Petitioners, | |
| v. | A145893 |
| THE SUPERIOR COURT OF ALAMEDA COUNTY, | (Alameda County Super. Ct. No. RP12630780) |
|     Respondent; | |
| FRANK E. STAGGERS, JR., | **ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT]** |
|     Real Party in Interest. | |

BY THE COURT:

The opinion filed herein on February 18, 2016 is modified as follows:

On page 12, the first and second lines under the heading "DISPOSITION" are modified to read as follows:

Let a peremptory writ of mandate issue commanding respondent court to set aside its order granting real party's motion for summary adjudication and to

This modification does not effect a change in the judgment.

Date: _____                                   _____ P.J.

1

| | |
|---|---|
| Trial Court: | Alameda Superior Court |
| Trial Judge: | Honorable Sandra K. Bean |
| Attorneys for Petitioners: | Michael Ryan Dougherty, Steven Jay Rood |
| Attorneys for Real Parties in Interest: | Triay Law Office, Paul D. Epstein, Charles A. Triay; Kong Law Firm, Miguel O. Barquera |

Filed 2/18/16 (unmodified version)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DEIRDRE HILL et al.,<br><br>        Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>        Respondent.<br><br><br>FRANK E. STAGGERS, JR. et al.,<br><br>        Real Parties in Interest. | A145893<br><br>(Alameda County<br>Super. Ct. No. RP12630780) |

Petitioners in this writ proceeding are Deirdre Hill and Vincent G. Hughes (collectively petitioners), co-executors of their mother's estate. They filed a proceeding against their stepfather, Frank Staggers, Sr., to recover property belonging to the estate, which among other things requested a judgment for twice the value of the property recovered, as provided for by Probate Code section 859 (usually, double damages). Petitioners' stepfather died, and his son was substituted as his successor. He moved for summary adjudication on the double damages claim, on the basis that those damages could not be recovered against him. The motion was based on Code of Civil Procedure section 377.42, which excepts from recovery against a successor "damages recoverable under Section 3294 of the Civil Code or other punitive or exemplary damages."

The superior court granted summary adjudication against petitioners, concluding that the double damages sought were precluded under Code of Civil Procedure section

1

377.42. We conclude otherwise and we grant the writ, ordering the superior court to vacate its order granting the motion and to enter a new order denying it.

## BACKGROUND

On March 25, 2013, petitioners filed a petition against their stepfather, Frank Staggers Sr., to recover property belonging to their mother's estate. The prayer of the petition requested among other things "[t]hat the court determine whether Frank Staggers acted wrongfully in bad faith concealing assets of the estate from petitioners as co-executors, and if so, compelling Frank Staggers to pay a penalty of twice the value of the assets recovered." The basis of the claim for twice the value of the property was Probate Code section 859,[1] which provides in pertinent part as follows: "If a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to . . . an elder, . . . or the estate of a decedent, or has taken, concealed, or disposed of the property by the use of undue influence in bad faith or through the commission of elder or dependent adult financial abuse, as defined in Section 15610.30 of the Welfare and Institutions Code, the person shall be liable for twice the value of the property recovered by an action under this part. In addition, . . . the person may, in the court's discretion, be liable for reasonable attorney's fees and costs. The remedies provided in this section shall be in addition to any other remedies available in law to a person authorized to bring an action pursuant to this part."

Frank Staggers Sr. died during the proceeding, and his son, Frank Staggers, Jr. (real party), was substituted in as the respondent in the probate proceeding.

On April 8, 2015, real party filed a motion for summary adjudication that the claim for double damages had no merit because those damages cannot be recovered against him as the successor to his father. The basis of the motion was Code of Civil Procedure section 377.42, which states in its entirety as follows: "In an action or proceeding against a decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest, on a cause of action against the

---

[1] All undesignated statutory references are to the Probate Code.

2

decedent, all damages are recoverable that might have been recovered against the decedent had the decedent lived except damages recoverable under Section 3294 of the Civil Code or other punitive or exemplary damages." The memorandum of points and authorities supporting the motion cited one case: *Estate of Young* (2008) 160 Cal.App.4th 62 (*Young*).

Petitioners filed their memorandum in opposition, which also relied on one case: *Jahns v. Nolting* (1866) 29 Cal. 507 (*Jahns*).

Real party filed his reply, and the matter came on for argument on July 14, prior to which the court had issued a tentative ruling favorable to real party. After conclusion of argument, the trial court confirmed the tentative ruling and entered a minute order granting the motion. The sole substantive paragraph of the order read as follows: "Double damages provided in Probate Code Section 859 are punitive in nature. *Estate of Young* (2008) 160 Cal.App.4th 88. The court finds that the attorney's fees provision in Probate Code Section 859 is also punitive in nature as it is intended to be awarded in addition to the double damages after a finding of bad faith. The court does not find *Jhans* [*sic*] *v. Nolting* (1866) 29 Cal. 507 controlling as the analysis is based on a predecessor statute." (Italics added.)

Petitioners sought a writ in this court, arguing essentially that *Jahns* is controlling authority and that the superior court erred in following what was mere dictum in *Young*. On September 29, we issued an alternative writ, stating that "respondent superior court erred when it held that Probate Code section 859 is a punitive-damage statute," and commanded the superior court "to set aside and vacate its order of July 14, 2015, and to enter a new and different order denying real party's Motion for Summary Adjudication; or, in the alternative, to appear and show cause before Division Two . . . ."

On October 6, the superior court advised that it would take no action in response to the alternative writ, and would let real party file a return. On October 23, real party filed a return to the petition for peremptory writ. On November 5, petitioners filed a reply and opposition to the return.

3

**DISCUSSION**

As quoted, Code of Civil Procedure section 377.42 allows one to recover against a decedent's successor in interest "all damages . . . that might have been recovered against the decedent . . . except damages recoverable under Section 3294 of the Civil Code or other punitive or exemplary damages."

The question here is whether double damages provided for under section 859 are within that exception. We conclude they are not.

Civil Code section 3294, subdivision (a) provides in pertinent part as follows: "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." This is the statute that allows recovery of punitive, sometimes referred to as exemplary, damages. The purpose of punitive damages is to punish defendant and to deter future misconduct by making an example of him or her. (*PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 317.) The purpose "is a purely *public* one. The public's goal is to punish wrongdoing and thereby to protect itself from future misconduct, either by the same defendant or other potential wrongdoers." (*Adams v. Murakami* (1991) 54 Cal.3d 105, 110.)

Witkin has an exhaustive discussion of "[p]unitive or [e]xemplary [d]amages." (See 6 Witkin, Summary of Cal. Law (10th ed. 2005) Torts §§ 1559–1623, pp. 1035–1137.) In the course of that discussion, the author makes several observations pertinent here, which begin in a section entitled "Statutory Penalties *Distinguished*." (Italics added.) The discussion first observes that "[s]ometimes a statute imposes a penalty in an arbitrary sum irrespective of actual damage suffered." (*Id.*, § 1569, p. 1057.) The next section says that "[a]nother type of statue allows treble damages, i.e., on proof of actual damage, an award of three times the amount may be given." (*Id.*, § 1570, pp. 1059–1060.) And then comes section 1571. It is entitled "Recovery of Both Penalty and Punitive Damages," and it says this: "*Dual Remedies Permitted*. The fact that a statutory

4

penalty or even criminal liability is imposed for a particular wrongful act does not preclude recovery of punitive damages in a tort action where the necessary malice or oppression is shown, and it is possible that the defendant may be punished criminally and forced to respond in punitive damages for the same act. [Citations.]" (*Id.*, § 1571, pp. 1060–1061.)

Many cases illustrate the point, including *Greenberg v. Western Turf Assn.* (1903) 140 Cal. 357, where the Supreme Court authorized both punitive damages under Civil Code section 3294 and a statutory penalty, both in addition to actual damages. The court distinguished between punitive damages that depend upon a showing of malice or oppression by the plaintiff, and a penal provision awarded to the plaintiff because a "law has been violated and its majesty outraged." (*Id.* at p. 364.)

*Marshall v. Brown* (1983) 141 Cal.App.3d 408, 418–419, is similar. There, the court stated that "[b]oth plaintiff and defendants concur on appeal that statutory damages and punitive damages arising out of the same cause of action are not mutually exclusive. 'The fact that such a statutory penalty [treble damages] . . . is imposed for a particular wrongful act does not preclude recovery of punitive damages in a tort action where the necessary malice or oppression is shown . . . .' "

In sum, statutory damages awarded as a penalty are "distinguished" from punitive damages. And recovery of both is "permitted."

That double damages under section 859 are not punitive "damages recoverable under Section 3294 of the Civil Code" is also demonstrated by the many differences between them. For example:

The proof required for punitive damages includes that plaintiff show oppression, fraud, or actual malice. (*Davis v. Hearst* (1911) 160 Cal. 143, 162; *Food Pro. Internat., Inc. v. Farmers Ins. Exchange* (2008) 169 Cal.App.4th 976, 984.) Section 859 does not.

The proof required for punitive damages is "clear and convincing evidence." The proof required under section 859 is not.

5

The proof required to recover punitive damages requires that plaintiff provide evidence of defendant's net worth. (*Baxter v. Peterson* (2007) 150 Cal.App.4th 673, 679; *Kelly v. Haag* (2006) 145 Cal.App.4th 910, 916.) Section 859 has no such requirement.

As quoted above, Civil Code section 3294 always requires proof of some form of aggravated misconduct. As also quoted above, section 859 provides for double damages if a person has in "bad faith" done certain things and also if the wrongdoer has "taken, concealed, or disposed of the property by the use of undue influence in bad faith *or through the commission of elder or dependent adult financial abuse*, as defined in Section 15610.30 of the Welfare and Institutions Code . . . ." (Italics added.) So, the last alternative of section 859 allows for double damages without any requirement that petitioners show any aggravated misconduct—only financial elder abuse.

And to the extent the alternative bases of recovery under section 859 require proof of any such misconduct, the section requires only a showing of "bad faith," which is not the equivalent of malice required under Civil Code section 3294. Rather, "bad faith" can be many different things, depending on the context. For example:

The general rule is that an agent is not liable on a written contract in the name of the principal. So, if the agent has no authority to make the contract, the usual remedy of the third party is on the warranty of authority. But if, in addition to the lack of authority, there is "bad faith"—that is, the agent enters into the contract without believing, in good faith, that he or she has authority to do so—the California rule makes the agent liable on the contract as a principal. (Civ. Code, § 2343, subd. (2); *Nichols Grain & Milling Co. v. Jersey Farm Dairy Co.* (1933) 134 Cal.App. 126, 129–130.)

Code of Civil Procedure section 580b is the anti-deficiency statute, shielding a mortgagor from liability in damages. However, if the mortgagor commits waste in "bad faith," he or she can be liable for damages. (*Hickman v. Mulder* (1976) 58 Cal.App.3d 900, 907–908.)

The most frequent application of "bad faith" is in insurance cases, the concept based on a tortious breach of the covenant of good faith and fair dealing. (See generally *Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.* (2001)

6

90 Cal.App.4th 335, 345.) And in the insurance context, bad faith and punitive damages are not coextensive, as held in *Silberg v. California Life Ins. Co.* (1974) 11 Cal.3d 452, 462–463, where the Supreme Court was careful to point out that an insurer's breach of the implied covenant of good faith—that is, bad faith—did not automatically justify an award of punitive damages. Rather, a separate showing of "oppression, fraud or malice" within the meaning of Civil Code section 3294, subdivision (a) was required. (*Ibid.*)

Finally, and not incidentally, section 859 ends with this sentence: "The remedies provided in this section shall be in addition to any other remedies available in law to a person authorized to bring an action pursuant to this part."

*Jahns*, the old Supreme Court case relied on by petitioners, lends support to our conclusion. *Jahns* involved application of former section 116 of the 1851 Act to Regulate the Settlement of the Estates of Deceased Persons (Probate Act), which provided as follows: "If any person before the granting of Letters Testamentary or of Administration shall embezzle or alienate any of the moneys, goods, chattels, or effects of any deceased person, he shall stand chargeable and be liable to the action of the Executor or Administrator of the estate, for double the value of the property so embezzled or alienated, to be recovered for the benefit of the estate." The issue in *Jahns* was whether section 116 of the Probate Act provided a basis for the administrator's action against the defendant, which meant the court had to determine whether section 116 was punitive or remedial.

The trial court found that the defendant did not " 'embezzle or alienate and convert to his own use.' " Plaintiff took exception to the finding on the ground, among others, that defendant took and carried away the property. The court rejected plaintiff's position, and plaintiff moved for a new trial, which was denied. In the Supreme Court's words: "In denying the plaintiff's motion for a new trial, the Court was of the opinion that the action was for embezzlement, and was brought under section one hundred and sixteen of the Probate Act, which alone gave the plaintiff a remedy for the alleged wrong, and that under the allegations of the complaint, the plaintiff was not entitled to recover for the wrongful conversion, as in the action of trover at common law—that he must prove the

7

embezzlement or fail in the action.  The counsel for the defendant holds to the same views, and offers as a further reason why the plaintiff could not recover, as in trover, upon the complaint in the cause, that the action given by section one hundred and sixteen is a penal action." (*Jahns, supra,* 29 Cal. at p. 510.)

The Supreme Court reversed, holding that a statute is penal if it "imposes a penalty, or creates a forfeiture as the punishment for the neglect of some duty, or the commission of some wrong, that concerns the good of the public, and is commanded or prohibited by law." (*Jahns, supra,* 29 Cal. at p. 512.)  The court explained that a statute that does not create any new rights of action or remedies but simply enhances the damages is remedial—and that section 116 was a remedial, not punitive, statute. (*Id*. at p. 513.)  We perceive no meaningful difference between the language used in section 859, and the language in former section 116.

Real party's return asserts that "[t]he First District has long held that the enhanced remedies for cutting and removing timber provided for section [*sic*] Civil Code § 3346 are punitive," citing *Drewry v. Welch* (1965) 236 Cal.App.2d 159, 176 (*Drewry*) and *Hassoldt v. Patrick Media Group, Inc.* (2000) 84 Cal.App.4th 153, 169 (*Hassoldt*).  And, real party continues, "[a]pplying these principles, modern courts that have considered the character of the double damages in Probate Code § 859 have held that they are punitive damages.  *Estate of Young* (2008) 160 Cal.App.4th 62, 68.  *Estate of Krause* [*sic*] (2010) 184 Cal.App.4th 103, 112 [(*Kraus*)] (citing *Garrett v. Coast & Southern Fed. Sav. & Loan Assn.* (1973) 9 Cal.3d 731, 739; *County of San Diego v. Milotz* (1956) 46 Cal.2d 761, 766; *People v. Union Pacific R.* [*sic*] Co. (2006) 141 Cal.App.4th 1228, 1257–58.) *See also In re Pereira and Melo Dairy* (2005) 325 B.R. 1."

Real Party's assertions are more than slightly misleading.  While *Drewry* on occasion used the word "punitive," it also used other words, like "remedial" and "penal." (*Drewry, supra,* 236 Cal.App.2d at p. 172.)  *Hassoldt* is not a First District case.  And neither *Young* nor *Kraus* holds that section 859 damages are punitive damages.

*Young* will be discussed in detail below.  And the actual language of *Kraus*—the case from which real party apparently gets all his cited authorities save *Young*—is this:

"Section 859 provides for recovery of twice the value of property taken in bad faith. [Citations, including *Young*.] . . . Some version of this civil penalty statute has been operative since 1850. [Citing *Young*.] Section 859 is punitive in nature. (*Estate of Young, supra,* 160 Cal.App.4th at p. 88; cf. *Garrett v. Coast & Southern Fed. Sav. & Loan Assn.* (1973) 9 Cal.3d 731, 739; *County of San Diego v. Milotz* (1956) 46 Cal.2d 761, 766; *People v. Union Pacific Railroad Co.* (2006) 141 Cal.App.4th 1228, 1257–1258 [civil penalties are punitive in character].) The section 859 penalty is imposed when an interested party establishes both that the property in question is recoverable under section 850 and that there was a bad faith taking of the property. (*Estate of Young, supra,* 160 Cal.App.4th at p. 89; *In re Pereira and Melo Dairy, supra,* 325 B.R. at p. 5.)" (*Kraus, supra,* 184 Cal.App.4th at pp. 111–112.)

Punitive in nature, *Kraus* said. Not punitive damages. *Kraus* does not support real party. To the contrary, *Kraus* supports our conclusion here.

In *Kraus*, decedent's brother David had acted in bad faith, and the trial court awarded double damages against him. (*Kraus, supra,* 184 Cal.App.4th at pp. 115–116.) On appeal, David made several arguments in which he referred to the award against him as " 'exemplary damages' " or " 'punitive damages.' " (*Id.* at p. 116.) The Court of Appeal rejected all of David's arguments, ending its discussion with this: "David generally mischaracterizes this case as involving an award of actual and exemplary damages to a nonparty. But the probate court did not award damages. It ordered David to hand over misappropriated funds together with a statutory penalty for his bad faith conduct. . . .

"David further asserts the 'punitive damage award' must be reversed because the amount of 'actual or compensatory damages' awarded to the beneficiaries (zero) bore no rational relation to the 'punitive damages' ($ 394,804). This argument proceeds from a misdescription of the underlying facts. No actual or compensatory damages were awarded to anyone. . . .

"David argues the section 859 penalty would be excessive because it is disproportionate to his ability to pay, but the trust beneficiaries did not introduce

9

evidence of David's financial condition. The ability to pay argument was not raised in the probate court. Even if the issue were properly raised, we would conclude David's financial condition under these circumstances was not a relevant consideration. The Courts of Appeal have held evidence of a defendant's financial status is not essential to the imposition of statutory penalties, and financial inability to pay is a matter to be raised in mitigation. [Citations.] The trust beneficiaries had no obligation to present evidence of David's financial condition or his ability to pay the mandatory statutory penalty. (*Kraus, supra,* 184 Cal.App.4th at p. 118.)

In short, *Kraus* makes two points noted above: section 859 double damages are not punitive damages, and the proof required for punitive damages is not required for section 859 damages.

*Young*, too, has no holding favorable to real party. *Young* was a section 850 proceeding by an administrator of decedent's estate against two individuals and a trust (called objectors) to return property, based on claims of fraud and undue influence. (*Young, supra*, 160 Cal.App.4th at pp. 67–68.) As described by the Court of Appeal, "The amended petition requested an accounting of all revenues and expenses for the three operational or business trusts . . . . Entitlement to punitive damages was pled, along with an order holding Objectors liable to the Estate 'for twice the value of the property recovered hereby,' under section 859." (*Id.* at p. 73.) The court adjudged double damages against objectors, but no damages were awarded due to lack of supporting evidence as to the value of the property. Both sides appealed, the objectors claiming lack of substantial evidence, and the estate claiming that the trial court erroneously denied it the opportunity to present evidence of the value of the real property taken. (*Id.* at p. 68.) It was in connection with the estate's appeal that the language real party relies on appears.

Setting the stage for that discussion, the Court of Appeal began its discussion with language demonstrating that section 859 double damages and punitive damages are different. Thus: "The Estate challenges the judgment with respect to the trial court's rulings on the double damages issues. First, it contends that when the trial court agreed

10

to bifurcate the issue of net worth for punitive damages purposes, at the request of Objectors, this amounted to an implied bifurcation ruling regarding liability and damages as to *another* type of damage request that is also punitive in nature, i.e., double damages under section 859." (*Young, supra,* 160 Cal.App.4th at p. 82, italics added.) The next page then again describes the petition: "Orders were requested directing Objectors to transfer to the Estate any remaining personal property. Breach of fiduciary duty was pled, and an accounting of all revenues and expenses for the three operational or business trusts was sought. Punitive damages were sought, *along with* an order holding Objectors liable to the Estate 'for twice the value of the property recovered hereby' under section 859." (*Id.* at p. 83, italics added, fn. omitted.)

Nowhere, we note, does the Court of Appeal say that punitive damages and double damages are the same. Or duplicative.

The Court of Appeal then went on for 10 pages discussing the proceedings below, and the statutory scheme of section 859 and its predecessors. After all that, the Court of Appeal made its comments—comments unnecessary to its holding—about section 859 damages being "punitive in nature" (*Young, supra,* 160 Cal.App.4th at p. 88) and having a "punitive effect upon Objectors." (*Id.* at p. 90.) The court then made its holding, that the estate prevail in its claim for a separate damage phase. And so the court concluded: "For all of these reasons, we determine that the trial court erred in its statutory interpretation that an element of the Estate's claim under section 859 was proof of value of the subject real estate at the liability phase of adjudicating the petition. Rather, the more appropriate approach was to determine the merits of the petition to reestablish title to the real property in the Estate, and then to defer the valuation process until the accounting phase of the proceedings; it is not possible to double an amount without knowing what it is. Further, double damages are punitive in nature, or a 'species' of punitive damages, and therefore section 859 should be read to allow these issues to be addressed separately. At all times, bifurcation and the order of proof remain in the discretion of the trial court, and we express no opinion on whether these issues could sometimes be tried together, upon an appropriate case. We decide only that under the

11

circumstances of this case, the trial court should have allowed the evidence to be reopened for the purpose of valuing the property and then setting a double damages amount under section 859, since the remainder of the requirements for such damages had previously been established." (*Id.*at p. 92.)

"[P]unitive in nature." "[P]unitive effect." Maybe. But not punitive damages. Whatever the observations about "punitive," they were just that—observations. They were dicta. *Young* merely concluded that there should have been a bifurcation of the liability and damages phases because it would save the estate from incurring the costs of appraisals before prevailing on the liability issue. Whether the double damages were remedial or punitive was irrelevant to the holding.

## DISPOSITION

The order is reversed, and the matter is remanded to the superior court with instructions to vacate the order granting the motion for summary adjudication and to enter an order denying the motion. Petitioners shall recover costs.

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

Trial Court:                             Alameda Superior Court

Trial Judge:                           Honorable Sandra K. Bean

Attorneys for Petitioners:           Michael Ryan Dougherty, Steven Jay Rood

Attorneys for Real Parties in Interest:    Triay Law Office, Paul D. Epstein, Charles A. Triay; Kong Law Firm, Miguel O. Barquera