Filed 1/18/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person and Estate of JOSEPH E. RIBAL. | |
| LINDA ROGERS, as Conservator, etc., | |
| Petitioner and Respondent, | G056105 |
| v. | (Super. Ct. No. 30-2012-00557942) |
| LU TUAN NGUYEN, | O P I N I O N |
| Objector and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Aaron W. Heisler, Temporary Judge. (Pursuant to Cal. Const. art. VI, § 21.) Reversed.

Lu Tuan Nguyen, in pro. per., for Objector and Appellant.

Law Offices of Cheryl L. Walsh and Cheryl L. Walsh for Petitioner and Respondent.

\* \* \*

We have seen this case before. In 2016, we affirmed the trial court's judgment ordering Lu Tuan Nguyen to return funds to the Conservatorship of the Person

and Estate of Joseph E. Ribal.  On remand, the trial court awarded attorney fees incurred in enforcing the underlying judgment to Linda Rogers, the conservator, of $43,507.50. Nguyen argues that he has satisfied the underlying judgment, and after reviewing the record, we agree.  Because Code of Civil Procedure section 685.080, subd. (a),[1] requires such motions to be made before the judgment is satisfied, we agree with Nguyen that the motion was untimely.  We therefore reverse the March 9, 2018 order granting Rogers $43,507.50 in attorney fees.

I

FACTS

The underlying facts are set forth in this court's two prior opinions, *In Re Domestic Partnership of Ribal and Nguyen* (Mar. 4, 2015, G049594) [nonpub. opn.]; and *In Re Conservatorship of Ribal* (Sept. 28, 2016, G052668) [nonpub. opn.].  Suffice to say that Ribal and Nguyen were cohabitants, and then domestic partners.  Around 2012, the domestic partnership was annulled due to Ribal's lack of capacity, and Rogers was appointed conservator.

In 2014, Rogers filed a petition against Nguyen seeking return of conservatorship property and damages for financial and physical elder abuse.  Rogers prevailed, and according to the court's statement of decision:  "The total amount of the damages awarded against NGUYEN are $179,982 . . . ."[2]  The court's January 5, 2015 minute order (the 2015 order) reflected the same total due from Nguyen to Rogers.  The amount awarded was $115,991 in uncollected costs and rents, minus an offset of $36,000,

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Because this opinion, unfortunately, includes a great number of numerical references, we have eliminated the pennies from the all amounts (with the exception of the attorney fee award at issue here) for the ease of the reader.

for a net of $79,991; "this amount doubled" $159,982; personal injury damages of $20,000, for a "total" of $179.982, plus costs and fees to be determined.

When this was memorialized in a proposed judgment drafted by Rogers, however, the "double damages" of $159,982 were listed separately from the $79,991 amount. While the judgment does not state the $159,982 was additive rather than subsuming the $79,991[3] in actual damages, Rogers has been treating the judgment as if it did. She has persistently advanced the theory, including in this appeal, that the total underlying judgment was not $179,982, as set forth in the 2015 order and the statement of decision, but $79,991 more, or $259,973.

The court signed the proposed judgment on May 27, 2015 (the judgment). The record reflects that Rogers was subsequently awarded $32,538 in costs and $64,075 in attorney fees. This court affirmed the judgment on appeal.

On remand, Rogers moved for an award of $45,807 in attorney fees incurred in enforcing the underlying judgment. Rogers argued that to collect the judgment, she had been required to garnish Nguyen's wages, levy his bank accounts, and obtain various writs in Hawaii and California. In opposition, Nguyen stated the principal amount of the judgment was $179,982. Thus, he argued the judgment had been satisfied based on what he had paid thus far. Rogers could not, he argued, recover enforcement fees under the relevant statute. In a supplement to her moving papers, Rogers argued that the total amount outstanding, including previously awarded fees, costs, and postjudgment interest, was $54,554.

The trial court granted the motion for fees. The court noted the two competing theories as to the amount of the underlying judgment: "In his original opposition to this motion, and in his supplemental papers, Nguyen argues the judgement had been fully satisfied (and more than satisfied) because Rogers has been

---

[3] $79,991 doubled is $159,982.

3

'misrepresenting' the amounts awarded thereunder. More specifically, Rogers calculates the principal amount owing on the Judgment by separately including 'Compensatory Damages' of $79,991 . . . and 'Double Damages' of $159,982 . . . . By contrast, Nguyen argued the 'Double Damages' (apparently awarded under Probate Code section 859) subsumed the 'Compensatory Damages' (apparently the value of the assets to be returned by Nguyen, less offsets found by the court)."

The court continued: "Nguyen's position has some support in a Minute Order issued by the trial judge on 01/05/15, in which the judge calculated Nguyen's total liability to be $179,982 . . . 'Plus costs and attorneys' fees to be determined.' That calculation also appears consistent with the judge's final Statement of Decision issued 04/08/15. However, the actual Judgment entered 05/27/15 appears to depart from those earlier calculations, or at least suggests they were ambiguous. The Judg[]ment instead indicates the 'Double Damages' of $159,982 . . . were in addition to the 'Compensatory Damages' of $79,991 . . . (after offset). The court is now persuaded that this motion is not a proper mechanism to reexamine the Judgment. Whatever potential inconsistency may exist between the trial judge's earlier statements and the ultimate Judgment, this is not a motion to amend, correct, or vacate the Judgment. This is not an appeal from the Judgment (though one was taken by Nguyen)."

Nguyen now appeals.


## II

## DISCUSSION

*Nguyen's Briefing*

Rogers takes pains to point out that Nguyen's brief (he submitted only an opening brief) is, to put it plainly, a disaster. We agree; it is largely a cobbled together cut-and-paste of treatise law. Nonetheless, it is our role to review the arguments he has attempted to make and evaluate them to the best of our ability based on the record before

4

us.  While we have the discretion to deem certain arguments waived based on poor briefing, we are not required to do so.  Here, Nguyen's arguments were clear and intelligible enough for Rogers to understand and respond to in her own brief.  Thus, we deem it in the interests of justice to address Nguyen's arguments on the merits.

*Standard of Review and Relevant Law*

While the amount of an attorney fee award is left to the trial court's sound discretion, the entitlement to fees is a matter we review under the de novo standard. (*Chodos v. Borman* (2014) 227 Cal.App.4th 76, 91.)

Judgment creditors may claim authorized costs incurred while enforcing a judgment, and when attorney fees are awarded after trial, those amounts include attorney fees.  (§§ 685.040, 685.090.)  A motion for such fees, however, must be made before the judgment is satisfied in full.  (§ 685.080, subd. (a).)

*Amount and Satisfaction of the Judgment*

Nguyen's argument here is essentially the same as it was below:  1) Rogers misstated the amount of the judgment; 2) the record demonstrates the correct amount of the judgment was satisfied before the attorney fee motion was filed; and 3) accordingly, Rogers cannot collect attorney fees for the enforcement of the judgment under section 685.080, subdivision (a).  We begin with the amount of the underlying judgment.

The court's statement of decision and the 2015 order, both of which served as the basis for the judgment, stated an identical amount of "total" damages owed by Nguyen:  $179,982.  Thus, Rogers's claims that the total was $259,973 is plainly wrong, and her interpretation of the judgment is not supported by substantial evidence.

Rogers argues that Nguyen did not establish the amount of the underlying judgment was $179,982, and "fails to meet his burden even if he was correct."  She is mistaken.  It takes nothing more than a reading of the 2015 order and the statement of

5

decision to reach the conclusion that the amount of the underlying judgment was $179,982, and not $259,973 as she claims. Nothing could be any clearer than the court's two distinct statements regarding the "total" amount of the underlying judgment.

Rogers contends that under the general principles governing a writing, the language of a judgment governs its interpretation unless the proposed interpretation is absurd. (*Colvig v. RKO Gen.* (1965) 232 Cal.App.2d 56, 65.) It would be absurd to accept an interpretation of a judgment that states its intent is to award "double damages" when under Rogers's proposed interpretation, it would award treble damages. The stated amount of actual damages awarded in the judgment is $79,991. Double that amount is $159,982. Treble that amount is $239,973 – which, when added to the $20,000 in additional damages, reflects the $259,973 that Rogers argues is the correct amount of the judgment.

At oral argument, Rogers's attorney, Cheryl L. Walsh, did not deny that the amount was trebled rather than doubled. Rather, she stated the propriety of doing so had been the topic of debate among probate attorneys, who had concluded it was appropriate. We disagree.

Probate Code section 859 states that a person who takes or otherwise disposes of property in a manner that constitutes financial elder abuse "shall be liable for twice the value of the property recovered." The statute also provides: "The remedies provided in this section shall be in addition to any other remedies available in law . . . ." (Prob. Code, § 859.) Probate Code section 859 is punitive in nature, and "some version of this civil penalty statute has been operative since 1850." (*Estate of Kraus* (2010) 184 Cal.App.4th 103, 111-112.) However, double damages are not the equivalent of "punitive damages, and the proof required for punitive damages is not required." (*Hill v. Superior Court* (2016) 244 Cal.App.4th 1281, 1291.) "The [Probate Code] section 859 penalty is imposed when an interested party establishes both that the property in question

6

is recoverable under [Probate Code] section 850 and that there was a bad faith taking of the property." (*Estate of Kraus*, *supra*, 184 Cal.App.4th at p. 112.)

Rogers's argument appears to be that because the last sentence of Probate Code section 859 states that the remedies in that section are "in addition to any other remedies," the amount due should be calculated by first assessing the amount of the damages, then doubling the damages and assessing that amount separately – essentially, 1 + 2 = 3. We find this contention unsupported by law. If the Legislature had intended damages to be tripled, it would have written something akin to "the person shall be liable for [*three times*] the value of the property recovered by an action under this part." (Prob. Code, § 859.) In our experience, the Legislature knows how to distinguish between double damages and treble damages and has provided for each in numerous contexts. The trial court understood this and awarded double, not treble, damages.

Further, in the context of this case, arguing that a judgment for "double damages," *as stated by the judgment itself*, was actually an award of treble damages is, indeed, an absurd interpretation. Accordingly, it is entirely proper to look to the documents on which the judgment was based – the statement of decision and the 2015 order – to determine the correct amount of the judgment. That amount was $179,982 – double the damages award of $79,991, plus the $20,000 in additional damages for personal injury.

Rogers next contends that even if the amount Nguyen argues is correct, the total amount of the judgment, including fees, costs, and interests are added, the total amount of the judgment was much higher, and Nguyen fails to take those amounts into account when arguing the judgment was satisfied. But we have Rogers's own word on the matter of the total amount Nguyen still owed in the record. In a supplement to her motion for the instant attorney fee award, Rogers provided a "schedule of payments [and] outstanding judgment." This calculation included "total judgments, including attorneys' fees & costs and accrued interest" with each of the payments entered and the prejudgment

interest calculated accordingly. According to Rogers, the "total outstanding," was $54,554 as of February 1, 2018. That amount, of course, was incorrect, because Rogers's calculation reflected the erroneous theory that the underlying judgment was $79,991 more than it actually was.

Further, according to that same filing, the most recent payments against the judgment were made in July 2017. The attorney fee motion was filed in December 2017. Thus, according to Rogers's own calculations, the judgment was satisfied at the time she filed the motion for attorney fees.

As we have noted, under section 685.080, subdivision (a), a motion for attorney fees incurred in collecting a judgment must be made before the judgment is satisfied. "[T]he statutory purpose of requiring that the motion for enforcement costs be brought 'before the judgment is satisfied in full' (§ 685.080, subd. (a)) is to avoid a situation where a judgment debtor has paid off the entirety of what he believes to be his obligation in the entire case, only to be confronted later with a motion for yet more fees. [Citation.]" (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 144.) Such is the case here. Nguyen paid what the court ordered. Rogers cannot add an additional $79,991 to that judgment just because she wishes to do so. The attorney fee motion was untimely under the statute, and should have been denied.

*Award of Double Damages*

Finally, Nguyen argues this court should modify the judgment by striking the double damages award altogether. Rogers is correct in stating that this court cannot review the merits of the judgment. That judgment is final, and this court lacks the

8

jurisdiction to review it.[4]  (See *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Ca1.4th 1, 10.)

III

DISPOSITION

The March 9, 2018 order granting Rogers $43,507.50 in attorney fees is reversed.  Nguyen is entitled to his costs on this appeal.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.

---

[4] Rogers is also correct that we cannot review any findings or decisions made in a separate action between the parties.  That case is not the subject of this appeal, which is limited only to the order granting $43,507.50 in attorney fees.